FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREME D,[1] <br><br>            Plaintiff, <br><br>    v. <br><br> KILOLO KIJAKAZI,[2] <br> COMMISSIONER OF SOCIAL <br> SECURITY, <br><br>            Defendant. | No:  1:21-cv-03012-LRS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 14.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney Kathryn Higgs.  Defendant is represented by Special Assistant United States Attorney Michael J. Mullen.  The Court, having reviewed the administrative record and the parties' briefing, is fully

---

[1] Plaintiff's last initial is used to protect his privacy.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  The Court therefore substitutes Kilolo Kijakazi as the Defendant and directs the Clerk to update the docket sheet.

ORDER - 1

informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 14, is granted.

## JURISDICTION

Plaintiff Jereme D. (Plaintiff), filed for disability insurance benefits (DIB) on July 25, 2018, alleging an onset date of July 17, 2015.  Tr. 185-93.  Benefits were denied initially, Tr. 113-20, and upon reconsideration, Tr. 122-28.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 16, 2020.  Tr. 40-72.  On September 16, 2020, the ALJ issued an unfavorable decision, Tr. 12-39, and on December 22, 2020, the Appeals Council denied review.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1982 and was 38 years old at the time of the hearing.  Tr. 28.  He has an A.A. degree.  Tr. 50.  He worked at a Walmart distribution center for a number of years in different positions such as loader, unloader, yard driver, hauler, put-away driver, RR driver, garbage detail can recycler, trainer and basically every dock position except receiver.  Tr. 52-53.

Plaintiff indicated he cannot work due to back and nerve pain.  Tr. 207.  Plaintiff testified he has difficulty sitting and walking.  Tr. 56-57.  He has issues

with bladder and bowel control due to back pain.  Tr. 59.  He also has shoulder problems.  Tr. 64.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

ORDER - 3

(quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from

ORDER - 4

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since July 17, 2015, the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments:  lumbar degenerative disc disease, status post discectomy; obstructive sleep apnea; hypertension; shoulder

ORDER - 6

impairment, status post surgery; hypothyroidism; obesity; and attention deficit/hyperactivity disorder.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> The claimant can occasionally climb ramps and stairs, cannot climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl.  He can frequently reach overhead bilaterally within the confines of light work, and must avoid concentrated exposure [to] vibration and all exposure to workplace hazards.  The claimant can perform simple, routine tasks with occasional and superficial interactions with the public.

Tr. 21.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 28.  At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as routing clerk, router, and marker.  Tr. 28-29.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 17, 2015, through the date of the decision.  Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act.  ECF No. 12. Plaintiff raises the following issues for review:

      1.     Whether the ALJ properly evaluated Plaintiff's symptom testimony;

      2.     Whether the ALJ properly considered the medical opinion evidence; and

      3.     Whether the ALJ properly evaluated Plaintiff's residual functional capacity and made a legally sufficient step five finding.

ECF No. 12 at 4.

## DISCUSSION

**B.    Symptom Testimony**

Plaintiff contends the ALJ improperly rejected his symptom testimony.  ECF No. 12 at 6-11.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

At the outset, Plaintiff contends the ALJ's findings regarding his symptom testimony were insufficiently specific. ECF No. 12 at 8. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to

ORDER - 9

cause some of the symptoms alleged, but that Plaintiff's assertion of total disability is not supported by the weight of the evidence. Tr. 22. Plaintiff claims the ALJ "failed to make specific findings and rationality for the rejection of [Plaintiff's] testimony." ECF No. 12 at 8. However, as discussed *infra*, the ALJ described Plaintiff's symptom testimony and cited specific testimony in explaining the reasons for giving less weight to Plaintiff's symptom claims. Tr. 22-25. In fact, Plaintiff goes on to address some of the ALJ's specific findings. ECF No. 12 at 8-11. The ALJ discussed Plaintiff's symptom testimony and the reasons for weight assigned to it with sufficient specificity.

First, the ALJ found that the generally minimal and mild physical examination findings in the record are inconsistent with Plaintiff's allegations of extremely limiting physical conditions. Tr. 22. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ addressed the medical evidence of physical limitations in detail and observed that exam records after Plaintiff's April 2015 workplace injury are

ORDER - 10

generally consistent with recent records indicating that despite years of treatment, including surgery, the objective findings have not changed to any significant degree. Tr. 23. The ALJ noted a June 2015 exam finding 5/5 strength and normal gait with some limitations in range of motion of Plaintiff's back, and that a February 2020 exam documented similar findings. Tr. 23, 415, 1345, 1592. After his 2016 back surgery, Plaintiff's providers regularly noted Plaintiff had near normal or only mild loss of range of motion in his lumbar spine. Tr. 23 (citing *e.g.*, Tr. 1578, 1583, 1592). The ALJ observed that despite allegations of difficulty in his lower extremities such as radiculopathy and difficulty walking, he has generally exhibited a normal gait, motor strength, and intact sensation with no signs of atrophy since the surgery. Tr. 23 (numerous citations). The ALJ found that given his allegations of severe physical limitations, it would be expected that exam findings would include observations of muscle wasting or atrophy, and that lack of atrophy is inconsistent with Plaintiff's allegations of extreme physical limitations. Tr. 23. Lastly, the ALJ observed that David Bullock, an examining physical therapist, documented observations inconsistent with Plaintiff's allegations. One example is that Mr. Bullock noted Plaintiff sat in a chair for one hour and was a little slow and stiff getting out of the chair, Tr. 301, which is inconsistent with Plaintiff's testimony that without an ergonomic chair or lumbar support, he could only sit for five minutes because of radiating lumbar pain. Tr. 57-58.

Plaintiff fails to address the ALJ's finding in detail and only argues that the finding regarding expected muscle atrophy is not supported by the record. ECF No.

ORDER - 11

12 at 8-9.  Plaintiff observed that "providers do not indicate that they would have expected atrophy in claimant's legs due to the claimant's condition."  ECF No. 12 at 9.  However, the ALJ cited Social Security Ruling 16-3p which discusses the consideration of objective evidence and provides an on-point example:

> For example, an individual with reduced muscle strength testing who indicates that for the last year pain has limited his or her standing and walking to no more than a few minutes a day would be expected to have some signs of muscle wasting as a result.  If no muscle wasting were present, we might not, depending on the other evidence in the record, find the individual's reduced muscle strength on clinical testing to be consistent with the individual's alleged impairment-related symptoms.

SSR 16-3p, 2017 WL 5180304, at *5.  Even if the ALJ's inference from the lack of atrophy goes too far, the ALJ cited other substantial evidence supporting the conclusion that the objective evidence is inconsistent with the degree of impairment alleged, none of which is addressed by Plaintiff.  This is a clear and convincing reason supported by substantial evidence.

Second, the ALJ found the lack of observations of Plaintiff presenting in distress or discomfort in the medical record is inconsistent with Plaintiff's allegations of extremely limiting pain and constant symptoms.  Tr. 23-24. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).  The ALJ cited numerous instances in the record supporting this finding and observed that Plaintiff only rarely presented as uncomfortable or in mild

distress.  Tr. 23.  The ALJ concluded that given Plaintiff's allegations of disability primarily due to pain, it would be reasonable to expect his treating providers and examining professionals to note distress, discomfort, or observations of pain behavior during appointments, and that the absence of such observations is inconsistent with Plaintiff's allegations.  Tr. 23.  Plaintiff makes no argument to the contrary and this is a clear and convincing reason supported by substantial evidence.

Third, with regard to Plaintiff's mental health allegations, the ALJ found that Plaintiff's primary issue was situational.  Tr. 24.  If a claimant suffers from limitations that are transient and result from situational stressors, as opposed to resulting from a medical impairment, an ALJ may properly consider this fact in discounting Plaintiff's symptom claims.  *See Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016) (concluding symptom testimony properly rejected in part because "the record support[ed] the ALJ's conclusion that [plaintiff's] mental health symptoms were situational").[3]  The ALJ observed that mental health records

---

[3] *See also Kimberlee L. v. Comm'r of Soc. Sec. Admin.*, No. 2:18-CV-00236-MKD, 2019 WL 2251824, at *9 (E.D. Wash. May 9, 2019), *report and recommendation adopted sub nom. Kimberlee Anne L. v. Comm'r of Soc. Sec. Admin.*, No. 2:18-CV-236-RMP, 2019 WL 2250279 (E.D. Wash. May 24, 2019); *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-742-SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018); *Rys v. Berryhill*, No. CV 16-8391-JPR, 2018 WL 507207, at *15 (C.D. Cal. Jan. 19, 2018); *Menchaca v. Comm'r, of Soc. Sec. Admin.*, No. 6:15–cv–

ORDER - 13

document relationship issues with his mother and his ex-wife, with whom he was at times reconciled, and anxiety and stress over living with both of them.  Tr. 24 (citing *e.g.*, Tr. 1721-23, 1729-30, 1737, 1884, 1889, 1891, 1929-30).  Plaintiff also reported struggles with ADHD and/or a learning disorder while taking college classes.  He started taking medication and reported improvement by March 2020. Tr. 24 (citing Tr. 1609, 1612, 1867, 1869).  This finding is not challenged or addressed by Plaintiff, and it is a clear and convincing reason supported by substantial evidence.

Fourth, the ALJ found that Plaintiff's performance on mental status examinations and notations of minimal psychiatric observations are inconsistent with allegations of extremely limiting mental health symptoms.  Tr. 24.  Mental status examinations are objective measures of an individual's mental health.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  The ALJ observed that Plaintiff was routinely noted to present with cooperative behavior, full alertness and orientation, normal memory, and normal attention span, and that he usually presented with normal mood and affect.  Tr. 24 (numerous citations).  The ALJ also noted that Dr.

_____

01470–HZ, 2016 WL 8677320, at *7 (D. Or. Oct. 7, 2016); *Oraivej v. Colvin*, No. C15-630-JPD, 2015 WL 10713977, at *6 (W.D. Wash. Oct. 5, 2015); *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash. July 25, 2014); *but see Bryant v. Astrue*, No. C12-5040-RSM-JPD, 2012 WL 5293018, at *5–7 (W.D. Wash. Sept. 24, 2012).

Mansfield-Blair, an examining psychologist, noted some deficits with memory, but found no deficits in orientation, fund of knowledge, or concentration; no abnormalities or difficulties in general appearance, attitude and behavior, stream of mental activity/speech, content of thought, or mood or affect; and demonstrated average intelligence. Tr. 24, 1043-44. On this record, the ALJ reasonably concluded that the objective medical evidence is not consistent with Plaintiff's complaints of disabling mental symptoms. This finding is supported by substantial evidence and is a clear and convincing reason to discount Plaintiff's symptoms complaints.

Fifth, the ALJ found Plaintiff's activities throughout the relevant period are inconsistent with his allegations of extremely limiting symptoms. Tr. 24. It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints. *See Rollins*, 261 F.3d at 857. However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain. *Fair,* 885 F.2d at 603. Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the

extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The ALJ observed that Plaintiff attended classes at a community college throughout much of the relevant period. Tr. 20, 24 (citing *e.g.*, Tr. 208). An ALJ may consider attending college classes as an activity that is inconsistent with a claimant's reported functioning. *See e.g.*, *Scott G. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-00890-HL, 2021 WL 4777787, at *4 (D. Or. Oct. 13, 2021); *Cervantes v. Comm'r of Soc. Sec. Admin.*, No. 1:20-CV-00402-EPG, 2021 WL 2534463, at *5-6 (E.D. Cal. June 21, 2021); *Kawanti N.L. v. Saul*, No. 2:20-CV-00402-JC, 2021 WL 230034, at *4 (C.D. Cal. Jan. 21, 2021); *Kolodziej v. Saul*, No. CV 20-03431-JEM, 2020 WL 6363892, at *8 (C.D. Cal. Oct. 29, 2020). Plaintiff reported daily activities include: "Get up at 8 or 9 am. Do homework, go to school at 3 pm. Get home and do homework. Get to bed at midnight. Sometimes I prepare meals, most of the time my significant other does that. I do a lot of studying." Tr. 208. He testified that he had completed an Associate of Arts degree in the past year. Tr. 11, 24. Although in March 2020, he reported he was struggling with school due to ADHD or a learning disorder, later that month he reported that things were "clicking" for him at school, and he was understanding much better after taking medication. Tr. 24-25, 1867. The ALJ found this was inconsistent with testimony alleging extremely limiting symptoms.

Plaintiff contends the ALJ improperly considered his school attendance because "this is hardly representative of working a full-time job" and notes that

ORDER - 16

1    Plaintiff could physically adjust and take breaks as needed while studying.  ECF No.

2    12 at 10.  As noted *supra*, even if a claimant's activities suggest some difficulty

3    functioning, they may be grounds for discrediting the claimant's testimony to the

4    extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674

5    F.3d at 1113.  Even if such activity does not prove he can work, the ALJ reasonably

6    found it is inconsistent with claims of extreme physical and mental limitations.  *See*

7    *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009).  It is

8    the ALJ's responsibility to resolve conflicts in the medical evidence.  *Andrews v.*

9    *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's interpretation is

10    reasonable, as it is here, it should not be second-guessed.  *Rollins*, 261 F.3d at 857.

11    This is a clear and convincing reason supported by substantial evidence.

12         Lastly, Plaintiff argues that the ALJ's findings are incorrect because, "At no

13    point in the record is [Plaintiff] accused of malingering or fictitious behavior."  ECF

14    No. 12 at 20.  Malingering may be considered in evaluating symptom claims, but a

15    lack of evidence of malingering does not establish the symptom claims are proven.

16    Once the claimant produces objective medical evidence showing the existence of a

17    medically determinable impairment that could reasonably be expected to produce

18    "some degree of the alleged symptoms," an ALJ may reject subjective testimony

19    "only upon (1) finding evidence of malingering, or (2) expressing clear and

20    convincing reasons for doing so."  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th

21    Cir. 2003).  Here, the ALJ expressed clear and convincing reasons supported by

substantial evidence which support the consideration given to Plaintiff's symptom claims.

**B.      Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly consider the opinion of David Bullock, a physical therapist. ECF No. 12 at 13-16.  In April 2017, Mr. Bullock conducted a physical capacity evaluation and found that Plaintiff had the physical capacity for medium work, except that he could not lift more than 30 pounds occasionally and would only tolerate being on his feet for walking and standing for a total of 50% of the workday, and that his abilities in standing and lifting were expected to increase with treatment.  Tr. 299-307.  In April 2018, Mr. Bullock made similar findings, except that lifting was reduced to 25 pounds waist to overhead, and tolerance for standing and walking improved to five to seven hours per day, but no more than two to three hours in the same position.  Tr. 343-56.

For claims filed on or after March 27, 2017, new regulations changed the framework for evaluation of medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the

ORDER - 18

persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not required to, explain how other factors were considered.  20 C.F.R. § 404.1520c(b)(2).[4]  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520c(b)(3).

---

[4] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the new regulations.  ECF No. 12 at 11-13; ECF No. 14 at 9-10.  The Court finds resolution of this question unnecessary to the disposition of this case.

First, the ALJ considered the consistency of Mr. Bullock's opinions with Plaintiff's testimony and other findings in the record Tr. 25-26. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ noted that, as mentioned *supra*, Mr. Bullock observed that Plaintiff sat in a chair for one hour and was a little slow and stiff getting out of the chair, Tr. 301, which is inconsistent with Plaintiff's testimony that without an ergonomic chair or lumbar support, he could only sit for five minutes because of radiating lumbar pain, Tr. 57-58. Tr. 23, 25. The ALJ also determined that to the extent Mr. Bullock's findings regarding walking and standing are more limited than the RFC finding, they are inconsistent with observations of normal gait throughout the record.[5]  Tr. 25-26 (citing Tr.

---

[5] The RFC finding regarding walking and standing is consistent with light work, which is described as "a good deal of walking or standing." Tr. 21. Social Security Ruling 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 9-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10 at *5, 1983 WL 31251. This is essentially consistent with Mr. Bullock's April 2018

1351, 1362, 1368, 1375, 1380, 1386, 1390, 1395, 1400, 1406, 1413, 1418, 1423, 1428, 1457, 1574, 1586, 1592, 1704, 1750, 1758). Plaintiff does not address these inconsistencies or identify any error in the ALJ's reasoning, and the Court concludes this reason is supported by substantial evidence.

Additionally, the ALJ found Mr. Bullock's report is less persuasive because it is inconsistent with the findings of Dr. Johnson, a neurologist, and Dr. Karp, an orthopedic surgeon. Tr. 26. Drs. Johnson and Karp reviewed Mr. Bullock's reports and stated that "functional capacity evaluations evaluate tolerance and not capacitance and are of minimal value. The functional capacity evaluations are a poor evaluator with poor literature supporting them." Tr. 26, 1457. Plaintiff argues that Mr. Bullock "is a known and respected evaluator in Washington State and he is frequently called on by both the Department of Labor & Industries as well as claimant's counsel to provide unbiased, objective opinions regarding the functional capacity of injured workers" and that "[n]o other provider found fault with the way in which Mr. Bullock conducted this examination." ECF No. 12 at 13. Of note, however, the opinions of Dr. Karp and Dr. Johnson do not suggest that Mr. Bullock was biased or undeserving of respect, only that the methodology used is not supported by medical research to accurately assess functional capacity.

_____

finding that Plaintiff's tolerance for standing and walking was five to seven hours per day.

Even if consideration of this opinion was in some manner improper, as discussed *supra*, the ALJ reasonably found other evidence in the record is inconsistent with Mr. Bullock's opinions.

Second, the ALJ considered supportability and found Mr. Bullock's report is less persuasive because exam findings do not support the degree of limitation assessed. Tr. 26. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ noted the lack of support in the record for the walking and standing limitations based on numerous observations of normal gait in the record, as well as other findings of generally minimal and mild physical exam findings. Tr. 25-26; *see supra*. Additionally, the opinions of Dr. Karp and Dr. Johnson highlighted the lack of supportability of Mr. Bullock's opinions for the reasons stated therein.

Plaintiff contends the ALJ "inaccurately classifies Mr. Bullock's 2017 FCE as limiting claimant to medium exertional level." ECF No. 12 at 14. However, the ALJ accurately noted the additional limitations indicated by Mr. Bullock. Tr. 25, 307. Furthermore, Plaintiff ignores the 2018 finding by Mr. Bullock that he is capable of standing and walking for five to seven hours in a workday, which is consistent with the RFC finding that he can perform light work (with additional limitations not at issue here). Plaintiff also cites other evidence in the record in

ORDER - 22

support of Mr. Bullock's opinion, much of which was also noted by the ALJ, Tr. 22, but which does not alter the supportability of the RFC finding. The ALJ reasonably relied on numerous findings in the medical record constituting substantial evidence in weighing Mr. Bullock's opinion and formulating the RFC.

## C.    Residual Functional Capacity and Step Five

Plaintiff contends the ALJ erred at step five because the finding that there are jobs available that Plaintiff can perform was based on an incomplete hypothetical and RFC finding. ECF No. 12 at 16-19. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is not bound to accept as trued the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as the findings are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes*, 881 F.2d at *id.*

Plaintiff's argument assumes the ALJ erred in considering the medical opinion evidence.[6]  The ALJ's reasons for rejecting the opinions of Mr. Bullock were legally sufficient and supported by substantial evidence, discussed *supra*.  The ALJ therefore properly excluded limitations assessed by Mr. Bullock from the RFC and hypothetical to the vocational expert.  The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper.  *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005).  As a result, there is no error at step five.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is GRANTED.

---

[6] Plaintiff alleges for the first time at step five that the ALJ failed to adequately address limitations on Plaintiff's ability to lift, twist, bend, maintain productivity, pace, need for additional breaks, and absenteeism standards.  ECF No. 12 at 17.  Plaintiff fails to discuss or identify any evidence supporting such limitations and as such, the argument is insufficiently specific.  *Carmickle*, 533 F.3d at 1161.

ORDER - 24

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2 Order and provide copies to counsel.  Judgment shall be entered for Defendant and

3 the file shall be **CLOSED**.

4    **DATED** January 24, 2022.

5

6                                     _____
                                              LONNY R. SUKO
                                     Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER - 25